OPINION OF THE COURT
John G. Leaman, J.
Before this court is a motion by 21 of the defendants in this asbestos-related litigation to dismiss the plaintiffs’ complaint *414 upon the ground that the action was commenced beyond the applicable three-year Statute of Limitations as contained in CPLR 214-c (2).
A significant case in the area of mass tort toxic exposure litigation limitation periods is Wetherill v Eli Lilly & Co. (89 NY2d 506 [1997]). There, the Court of Appeals, in interpreting the legislative history of CPLR 214-c (2), construed the phrase “discovery of the injury”.* The Court determined that “discovery of the injury” was statutorily intended to mean “discover [y] [of] the primary condition on which the claim is based” (at 509). In its treatment of the issue, the Court articulated the following analysis: “It is apparent * * * that, in enacting a new ‘discovery’ rule for the commencement of toxic torts, the Legislature had in mind only the discovery of the manifestations or symptoms of the latent disease that the harmful substance produced. The dichotomy in the case law that the Legislature intended to address was that between impact or exposure on the one hand and resulting infirmity on the other. Given that narrow focus, the only reasonable inference is that when the Legislature used the phrase ‘discovery of the injury’ it meant discovery of the physical condition and not * * * the more complex concept of discovery of both the condition and the nonorganic etiology of that condition” (89 NY2d, at 514).
In the instant case, defendants argue that the plaintiff, Victor R. Scheidel, concededly diagnosed with asbestosis, has complained about its symptoms, including shortness of breath and difficulty in breathing, since at least 1990, and that, accordingly, the three-year Statute of Limitations commenced to run at that time, barring the present action which was commenced on or about May 12, 1997.
Plaintiff argues, inter alia, that he experienced subjective, or disconnected, symptoms, insufficiently intrusive in his life to support the conclusion that as a matter of law, his underlying *415 “injury”, namely, asbestosis, of which these symptoms were the manifestation, was or could have with reasonable diligence been discovered, at least until late 1994 and less than three years prior to the commencement of the present action.
Critical for present purposes are the following questions: (1) What is, or are, the primary symptom(s) of asbestosis; and (2) When did Victor R. Scheidel become aware of such symptom(s), or should have with reasonable diligence become thus aware?
Regardless of what symptoms and tests may medically suffice for a definitive diagnosis of asbestosis to be made with respect to an individual at risk, there can be no question that, in the instant case, shortness of breath and its related difficulty in breathing are symptoms or manifestations of the injury attributed by the plaintiff to his asserted exposure to asbestos, which is the gravamen of the instant action. When these symptoms or manifestations became sufficiently overt and intrusive to commence, as a matter of law, the running of the Statute of Limitations is more problematic. Plaintiff’s testimony about changing his employment and the nature of the work which he performed, about having difficulty keeping up with companions in a hunting party, about his symptoms and their onset as related to physicians, as well as the other submissions which comprise the instant motion, are not sufficiently precise as to when plaintiff’s employment and/or recreational practices were sufficiently intruded upon or impacted by his symptoms to warrant a conclusion as a matter of law that, as of a date certain, the Statute of Limitations commenced to run. Most compelling of the arguments advanced by the defendants is that plaintiff conceded that his breathing problems became sufficiently severe “in the early 1990’s” to cause him to alter the nature of the work which he performed for his employer, Air-Tite, from outdoor to more sedentary indoor work. If the time frame for this occurrence were conclusively established for present purposes to be prior to May 1994, this court would have to, under Wetherill (supra), grant summary judgment in defendants’ favor, since more than three years would then have elapsed prior to the commencement of the instant action. However, the characterization of this time frame was not developed through questions put to plaintiff more precisely than “the early 1990’s” which, at least arguably, could mean anything less than midway through the decade on up through a time later than May 1994 and therefore within three years of the commencement of the instant motion. Nor does it appear through other evidence that the court is presently aware of,
*416 such as corporate records of Air-Tite or Social Security records, that plaintiff left his employment at Air-Tite altogether prior to May 1994 which, if established, would render the instant action untimely.
Thus, the court cannot presently conclude as a matter of law that plaintiff’s symptoms of asbestosis were sufficiently manifest and intrusive in his life prior to May 1994 such as to warrant granting summary judgment in defendants’ favor, within the contemplation oí Wetherill (supra). However, if hereafter the time frame of plaintiff’s alteration of his employment conduct at Air-Tite is conclusively shown to predate May 1994, summary judgment or a directed verdict may result as appropriate.

 As stated by the Court in Wetherill, CPLR 214-c (2) provides that the time for initiating a cause of action for damages resulting from exposure to a harmful substance begins to run “from the date that the ‘injury’ was discovered or could have been discovered with reasonable diligence. The specific issue before [the Court] is whether an ‘injury’ is discovered within the meaning of CPLR 214-c (2) when the symptoms become apparent or instead when the connection between those symptoms and the injured’s exposure to a toxic substance is recognized. [The Court] hold[s] that the time for bringing the action begins to run under the statute when the injured party discovers the primary condition on which the claim is based” (89 NY2d, supra, at 509).